UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | **DECISION AND ORDER** |
| v. | |
| | 08-CR-00170-WMS-JJM-1 |
| JIMMY LEE BARNER, | |
| Defendant. | |

_____

       This case was referred to me by Hon. William M. Skretny, in accordance with 28 U.S.C. §636(b), for supervision of all pretrial matters ([29, 114]).[1]  Before me are the government's initial ([48])[2] and supplemental ([125]) motions for an order authorizing the taking of a DNA sample from defendant through the use of buccal swabs.  Oral argument was initially held on May 22, 2012 ([124]), and at that time I permitted the government to supplement its motion ([123]).  After the government's supplemental motion ([125]) was filed and defendant responded ([127]), oral argument resumed on July 17, 2012.  For the following reasons, the government's motions are granted.

## BACKGROUND

       Defendant is charged in a two-count Indictment[3] with being a felon in possession of firearms, namely, a Lfranchi Spa Brescia, 12 gauge shotgun, a Marlin, .22 LR caliber rifle, a

---

[1]    Bracketed references are to the CM/ECF docket entries.

[2]    I had deferred (September 4, 2009 Text Order [52]) my determination of the government's motion to compel ([48]) pending resolution of defendant's suppression motion ([30]), which was resolved, following an appeal to the Second Circuit, on April 18, 2012 ([112]).  After the case was remanded by the Second Circuit ([112]), the government renewed its motion to compel. April 27, 2012 Minute Entry [114].

[3]    Count 2 of the Indictment ([24]) is a forfeiture allegation concerning these firearms.

Russian Model 1895 7.62 Nagant caliber revolver and a FIE/Firearms Import/Export, .32 caliber revolver, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2). Indictment [24], Count 1.[4] According to the government, the firearms at issue were seized on or about January 31, 2008, during a parole search, and submitted to the Erie County Central Police Services Forensic Laboratory, where they were swabbed for the presence of DNA. Tripi Affidavit [125], ¶3.[5]

Believing that possession of the firearms will be a contested matter at trial (id., ¶10), the government moves under the All Writs Act, 28 U.S.C. § 1651, as well as this Court's inherent authority (government's Memorandum of Law [49], pp. 5-6), for an order authorizing it to obtain a DNA sample from the defendant by use of buccal swabs in order to "compare defendant's DNA to any DNA sample obtained from the firearms at issue in this action". Tripi Affidavit [125], ¶11.

Defendant opposes the motion, arguing that the appropriate standard for determining the motion is probable cause (defendant's Response [51], ¶¶14-17), that "the government has not asserted that DNA has been extracted from any of the weapons" (defendant's Supplemental Memorandum [117], p. 5), that the court lacks jurisdiction under the All Writs Act to grant the government's motion (defendant's Response [51], ¶¶24-31), and that "the government has not . . . indicated that it has investigated whether [defendant's] DNA profile exists in any other DNA databank" (defendant's Supplemental Memorandum [117], p. 5).[6]

---

[4] Defendant is also alleged to have possessed certain ammunition, which is not the subject of this motion. Indictment [24], pp. 1-2.

[5] Initially, the government referred to only a single firearm being recovered and swabbed. *See* Tripi Affidavit [48], ¶3.

[6] Defendant also initially argued that the government's motion was premature until his motion to suppress the firearms was resolved. Defendant's Response [51], ¶¶20-23.

**ANALYSIS**

"Where a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant [and] . . . the showing of probable cause required by the Warrant Clause." Vernonia School District 47J v. Acton, 515 U.S. 646, 653 (1995).  Nevertheless, "under certain circumstances, searches and seizures may be permissible under the Fourth Amendment 'based on suspicions that, although 'reasonable,' do not rise to the level of probable cause.'" In re Shabazz, 200 F. Supp. 2d 578, 583 (D.S.C. 2002) (*quoting* New Jersey v. T.L.O., 469 U.S. 325, 341 (1985)). *See* United States v. Owens, 2006 WL 3725547, *15 (W.D.N.Y. 2006) (Arcara, J./Foschio, M.J.)("individualized suspicion that does not rise to probable cause can justify a search in circumstances presenting less substantial privacy interests when balanced against the public interest in conducting such searches").

I acknowledge the contrary authority cited by defendant (defendant's response [51], 15 (*citing* United States v. Nicolosi, 885 F. Supp. 50, 55-56 (E.D.N.Y. 1995) (requiring a showing of probable cause to compel a saliva sample)), but I agree with Owens, 2006 WL 3725547 at *17, from this District, which determined that the correct standard is reasonable individualized suspicion that probative evidence will be discovered. *See also* Shabazz, 200 F. Supp. 2d at 584-85 ("although a showing of probable cause is not necessary, . . . requiring a saliva swab must be based on reasonable individualized suspicion").

In attempting to meet this standard, the government initially relied solely on the probable cause determination arising from the Indictment.  Government's Memorandum of Law [49], p. 5.  However, the return of an indictment charging defendant with possession of the firearms


at issue does not, standing alone, create reasonable individualized suspicion that probative evidence will be disccovered from defendant's DNA sample. Since the government's initial motion did not address this issue, with the parties' consent I directed that "the government . . . supplement its motion . . . to address whether testing has revealed that the DNA samples recovered from the subject firearms are suitable for meaningful comparison". May 22, 2012 Text Order [123].

The government's supplemental motion includes a July 3, 2008 Analysis Report from the Erie County Department of Central Police Services Forensic Laboratory prepared by Jodi Luedemann, a forensic serologist, indicating that " DNA profile[s] . . . . not suitable for entry into CODIS (DNA Databank)"[7]  were obtained from each of  the four firearms defendant is charged with possessing, and that "[k]nown specimens are required for further comparison" ([125-3]).[8] While no affidavit or declaration has been submitted from Ms. Luedemann, government's counsel states that she has advised him that "there is enough information contained in each individual DNA sample to conduct comparisons to a known DNA sample".  Tripi Affidavit [125], ¶8.
At the July 17, 2012 oral argument, defendant's counsel conceded that the government's supplemental motion sufficiently addresses this aspect of his motion, and reverted to his remaining arguments.

The All Writs Act provides that courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. §1651(a). It "invests a court with a power essentially equitable and, as such, not generally available to provide alternatives to other, adequate remedies at law." Clinton v. Goldsmith, 526 U.S. 529,

---

[7]  Some of the samples were characterized as "partial" DNA profiles ([125-3]).

[8]  While this report references five DNA samples ([125-3]), one of the samples (Item 1.3) was from a DNA swab of the strap on one of the firearms ([125-1], [125-2]).

537 (1999). "Courts may rely on [the All Writs Act] to issue orders necessary for conducting factual inquiries." United States v. Li, 55 F.3d 325, 329 (7th Cir. 1995).

While conceding that the it "would most likely" have been appropriate for the government to issue a grand jury subpoena for his saliva at the pre-indictment stage of the case (defendant's Response [51], ¶25), defendant argues that since the government failed to take advantage of this alternative remedy (which is no longer available), no order may be issued under the All Writs Act (id.) (*citing* United States v. Vanwort, 887 F.2d 375, 387 (2d Cir. 1989), cert. denied, 495 U.S. 906 (1990) ("it is clearly improper to utilize a Grand Jury for the sole or dominating purpose of preparing an already pending indictment for trial")). That argument was expressly rejected in Li, involving use of the All Writs Act to compel handwriting exemplars following an indictment: "The post-indictment nature of the order did not diminish the trial court's authority to issue the order. The district court had authority to require the handwriting exemplars." 55 F.3d at 329.

Courts in this district have also granted motions to compel DNA samples pursuant to the All Writs Act. *See, e.g.*, United States v. Barnes, et al., 08-CR-00264-RJA, [24], [25], pp.5-6, [27]. Moreover, defendant fails to address the government's argument that the court has "inherent authority" - aside from the All Writs Act - to issue the order. *See* government's Memorandum of Law [49], p. 5.

I likewise find no merit to defendant's argument that the government's motion is deficient for failing to indicate whether defendant's DNA profile already exists in a DNA databank available to the government (defendant's Supplemental Memorandum of Law [117], p. 5). Defendant does not indicate why this is essential to the government's motion. Even assuming that this argument is a component of defendant's jurisdictional challenge, I conclude that it can be

logically inferred (even if not expressly stated) that defendant's DNA profile is not available elsewhere.  If it were available through other means, I assume that the government would have obtained it in lieu of its current efforts.

## CONCLUSION

For these reasons, the government's motions to compel ([48, 125]) are granted. Defendant shall provide buccal swabs to Special Agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives, or other law enforcement officers, as directed.  These swabs shall be used for the sole purpose of comparing defendant's DNA to the  DNA recovered from firearms set forth in the Indictment.

Dated: July 19, 2012

                                          /s/ Jeremiah J. McCarthy
                                           JEREMIAH J. MCCARTHY
                                           United States Magistrate Judge